## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRACLEAN ELECTROPOLISH, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3635 |
| | § | |
| ASTRO PAK CORP., | § | |
| | § | |
| *Defendant.* | § | |

### ORDER

Pending before the court is defendant Astro Pak Corp.'s ("Astro Pak") motion for summary judgment.  Dkts. 27, 28.  After considering the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

In this action, plaintiff UltraClean Electropolish, Inc. ("UltraClean") alleges that Astro Pak breached a confidentiality agreement and misappropriated Ultraclean's trade secrets. Dkt. 20 at 5-7. Ultraclean is in the business of electropolishing.  Dkt. 20 at 2.  In 2006, Astro Pak considered entering the electropolishing industry by purchasing UltraClean.  *Id.*  Astro Pak and Ultraclean began negotiating a deal that both companies hoped would end in a purchase or merger.  *Id.*  During the course of the negotiations, UltraClean and Astro Pak entered into a confidentiality agreement (the "Confidentiality Agreement") and a letter of intent ("LOI") which would give Astro Pak access to UltraClean's records, personnel, and facilities during the due diligence phase.  *Id.*, Dkt. 28 at 6-7. The terms of the confidentiality agreement prevented Astro Pak from disclosing or using confidential information, including trade secrets, it learned from UltraClean during the merger negotiations.  Dkt. 20 at 2-3.

By early 2007, the negotiations between Astro Pak and Ultraclean fell through.  *Id.* at 3.  In July 2007, Ultraclean filed suit against Astro Pak alleging that Astro Pak violated various terms of the LOI by hiring certain UltraClean employees (the "2007 Lawsuit").  Dkt. 28 at 4-5.  The 2007 complaint also alleged that Astro Pak misappropriated trade secrets in violation of the Confidentiality Agreement.  *Id.*  Astro Pak denied any wrongdoing, and the parties ultimately settled the lawsuit.  *Id.* at 5.  The settlement agreement ("2009 Settlement Agreement") released Astro Pak from all claims:

> arising out of or relating to any acts or omissions that took place prior to the date of this AGREEMENT, including without limitation, any matters relating in any way to the Letter of Intent or alleged breach of the Letter of Intent and/or any matters relating to or contained in or which could have been contained in the ACTION and/or any claims under other Federal or State statute, common law or regulation relating to such.

Dkt. 28-1 at 2-3.  The settlement agreement also states:

> This AGREEMENT contains the entire agreement between the PARTIES hereto with respect to all matters addressed herein, and fully supersedes all prior or contemporaneous agreements, understandings or representations oral or written, implied or express, pertaining to the subject matter hereof.  This AGREEMENT may only be subsequently modified by a writing signed by all PARTIES hereto.

*Id.* at 3-4.

UltraClean filed its first amended complaint in this action on February 3, 2015 alleging that Astro Pak misappropriated trade secrets and breached the Confidentiality Agreement by using and disseminating UltraClean's trade secrets starting in 2013.  Dkt. 20 at 4-6.  Astro Pak now moves for summary judgment arguing that 1) UltraClean's claims arose in 2007, were released in 2009, and cannot be brought again; 2) UltraClean's claims are barred by *res judicata*; and (3) the 2009 Settlement Agreement supersedes the Confidentiality Agreement.

2

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Release of Claims by the 2009 Settlement Agreement

Astro Pak argues that UltraClean's current trade secret misappropriation claim accrued in 2007 and was brought or could have been brought in the 2007 Lawsuit.  Since any claims that could been brought in the 2007 Lawsuit were releaed by the 2009 Settlement Agreement, Astro Pak argues that the claims asserted here have already been released.  Under Texas law, a claim for misappropriation of trade secrets accrues when the misappropriation is "discovered or by the exercise of reasonable diligence should have been discovered." Tex. Civ. Prac. & Re. Code § 16.010(a). This is the case "whether the misappropriation is a single or continuing act." *Id.* at § 16.010(b). Astro Pak argues that UltraClean's allegations of trade secret misappropriation in the 2007 Lawsuit indicate that UltraClean discovered the continuing misappropriation they now allege prior to 2007,

3

and the claim accrued at that time.  If the current misappropriation claim accrued in 2007, then it was released by the 2009 Settlement Agreement.  However, Astro Pak denied misappropriating UltraClean's trade secrets in 2007, and there was never a finding by a court or conclusive proof of such misappropriation.  A claim for misppropriation starting in 2013 could not have been brought in the 2007 Lawsuit, and would not have been released by the 2009 Settlement Agreement.  Since there is a question of fact regarding the first date of misappropriation, Astro Pak is not entitled to summary judgment on this basis.

**B. *Res Judicata***

After the settlement of the 2007 Lawsuit, the court in that case entered an order of dismissal with prejudice.  Based on its argument that the current misappropriation claims accrued prior to 2007, Astro Pak argues that the order of dismissal has a preclusive effect and bars the current claims.  Dkt. 28 at 9.  An order from a previous case bars future claims only where "the same claim or cause of action was involved in both actions."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  Based on reasoning similar to that outlined above, Astro Pak argues that the currently asserted claims are actually the same claims that were dismissed with prejudice by the previous court order.  However, as noted above, Astro Pak has not shown that the claims are in fact the same.  There has never been a specific finding of misappropriation prior to 2007, and Astro Pak continues to deny that it has ever misappropriated UltraClean's trade secrets.  Accordingly, the claim asserted in this action does not necessarily relate back to the 2007 allegations and is not precluded by the order of dismissal in the previous case.  The current claims are based on allegations of misappropriation that took place much later than the order of dismissal.  Since Astro Pak denies misappropriation at any time, it cannot show that UltraClean should have discovered any

4

misappropriation prior to the order of dismissal. Accordingly, Astro Pak has not shown that the previous order precludes Ultraclean's claims here.

### C. Confidentiality Agreement

Astro Pak argues that the 2009 Settlement Agreement supercedes the Confidentiality Agreement, and there are no ongoing confidentiality obligations between the parties. As noted above, the 2009 Settlement Agreement "fully supercedes all prior or contemporaneous agreements . . . pertaining to the subject matter hereof." Astro Pak opts for an extremely expansive reading of the phrase "pertaining to the subject mater hereof" in arguing that the Confidentiality Agreement and the 2009 Settlement Agreement pertain to the same subject matter. There is no language in the contract that supports such a broad interpretation. The court finds that the subject matter of the 2009 Settlement Agreement is the settlement and release of the claims asserted in the 2007 Lawsuit. Accordingly, the court finds that Astro Pak has not show that the Confidentiality Agreement has been superceded by the 2009 Settlement Agreement.

### IV. CONCLUSION

Because Astro Pak cannot show that UltraClean's claims accrued prior to 2009, there are remaining questions of fact, and Astro Pak is not entitled to summary judgment. Astro Pak's motion for summary judgment (Dkts. 27, 28) is DENIED.

Signed at Houston, Texas on May 20, 2015.

Gray H. Miller
United States District Judge